

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00321-CR

---

**JESSICA LYNN VAUGHN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A22207-2210, Honorable Kregg Hukill, Presiding

---

April 2, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

On June 14, 2024, Appellant, Jessica Lynn Vaughn, entered a guilty plea to the charge of forgery of a financial instrument.[1] She was sentenced to fifteen months' incarceration, but this sentence was probated and the trial court placed her on community supervision for a period of four years. After Appellant tested positive for methamphetamine multiple times, admitted to using methamphetamine multiple times,

---

[1] *See* TEX. PENAL CODE ANN. § 32.21(b), (d).

failed to complete community service as ordered, and was terminated from the Hale County Drug Court Program, the State moved to revoke her community supervision. After holding a hearing, the trial court did revoke Appellant's community supervision and sentenced her to serve fifteen months' incarceration in the State Jail Division of the Texas Department of Criminal Justice. Appellant timely appealed from the judgment revoking her community supervision. Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion, reform the judgment, and affirm the judgment of the trial court as reformed.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified her of the motion to withdraw; provided her with a copy of the motion, *Anders* brief, and the appellate record; and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Counsel does correctly indicate that the judgment of revocation contains an error. The judgment states that Appellant pleaded "true" to the motion to revoke. However, the record reflects that Appellant pleaded "not true" to the motion. We are authorized to reform judgments *sua sponte* to make the record speak the truth. "The Texas Rules of Appellate Procedure give us authority to reform judgments and correct typographical errors to make the record speak the truth." *Torres v. State*, No. 07-13-00179-CR, 2014 Tex. App. LEXIS 2664, at *4–5 (Tex. App.—Amarillo Mar. 7, 2014, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2 and *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc)). Consequently, we reform the judgment to correctly indicate that Appellant pleaded "not true" to the motion to revoke her community supervision.

Accordingly, we grant counsel's motion to withdraw, reform the judgment to reflect that Appellant pleaded "not true" to the motion to revoke, and affirm the trial court's judgment as reformed.[3]


                                            Judy C. Parker
                                               Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.